MINTHORN ET AL. v. HEMPHILL, HEPBURN & TRAVERSY ET AL.

1. **Chattel Mortgage:** FORECLOSURE: PROPERTY NOT COVERED: TAKING BY CONSENT: GARNISHMENT. The mortgagees of a stock of goods were, by their agent, taking possession of the stock under the mortgage, for the purpose of foreclosing the same, and they also took possession of the money on hand, which was not covered by the mortgage; and this they did believing that they had a right to take it under the mortgage; and the mortgagors, being uncertain as to such right, did not resist the taking of the money. Before the money was paid to the mortgagees, however, the agent was garnished upon the suit of other creditors of the mortgagors. *Held* that the money belonged to the mortgagors, but that, after the garnishment, they had no right, as against the garnishing creditors, to consent to its application upon the mortgage.

2. ———: FORECLOSURE BY SHERIFF: GARNISHMENT AS AGENT OF MORTGAGEE: PERSONAL LIABILITY. Where a sheriff, by his deputy, forecloses a chattel mortgage for the mortgagee, and takes possession of, and applies on the mortgage, money not covered thereby, he cannot escape personal liability, when garnished by other creditors of the mortgagor, on the ground that the notice of garnishment is directed to him as agent of the mortgagee, and not as sheriff.

3. **Appeal:** PRACTICE: INCREASE OF JUDGMENT. An appellant in a law action, whose only complaint is that the judgment in his favor is too small, cannot in this court have judgment for a larger sum. Where in such case a reversal is not desired, the judgment must be affirmed.

*Appeal from Polk Circuit Court*—HON. MARCUS KAVANAGH, Judge.

THURSDAY, OCTOBER 27.

THE plaintiff commenced an action against the defendant, in which an attachment was issued, and caused the appellant to be garnished as the supposed debtor of the defendant. Trial to the court, and judgment for the plaintiffs, and against the garnishee. Both parties appeal.

*Gatch, Connor & Weaver*, for appellant.

*E. J. Goode*, for appellees.

SEEVERS, J.—The defendants executed a mortgage on a stock of merchandise on the 11th day of June, 1886, to J.

V. Farwell & Co., and the attorney for the latter, in writing to the sheriff of Polk county, directed him to take immediate possession of the stock of merchandise, and "foreclose the same according to the terms of the mortgage." Under this written direction one Compton, deputy sheriff, took possession of the goods on the day above stated. He took possession at the same time of certain money then on hand, belonging to the defendant. On the 15th day of July, 1886, the appellant was attached as garnishee, the notice being directed to him as agent. The stock of goods was afterwards sold, and the proceeds thereof, and cash on hand, possession of which had been taken by Compton, was paid, less expenses, to Farwell & Co., by the appellant. The same, however, was insufficient to satisfy the indebtedness secured by the mortgage.

I. The mortgage was on the stock of goods, and therefore the money on hand when the appellant took possession was not included or covered by it. We do not understand counsel for the appellants to claim otherwise. Their contention is that the mortgagors affirmatively consented that the money should be so applied, or, if this be not true, that the mortgagors in legal contemplation consented to such appropriation by not objecting when they should have done so. As to the last ground, we desire to say that, when the appellant was garnished, the right of the plaintiffs attached, and whether the defendants objected after that time is immaterial. The money was not paid to Farwell & Co. until more than thirty days had elapsed after the garnishment. Therefore the district court properly found that the defendants had not, or could not by acquiescence, take away an accrued right belonging to the plaintiffs.

As to the first ground, the evidence is substantially as follows: Compton testified: "The first thing I did was to count the cash that was on hand. At that time Mr. Hemphill made some remark to the lady. I believe she had just made up her

*[margin note:] 1. CHATTEL mortgage: foreclosure: property not covered: taking by consent: garnishment.*

cash-account for the bank, or was in the act of making it up.
* * * Mr. Hepburn made the remark to her that she would not need to deposit her cash now; that I would take the cash, and she would turn it over to me. Mr. Hemphill made, in substance, the same remark. The question was whether or not it would be applied. I told them I presumed it would. It would be held by us, at any rate, under the mortgage." This fails to show, we think, that the defendants affirmatively consented that the money should be paid Farwell & Co., or applied on the mortgage. Both Compton and the defendants, no doubt, were uncertain, or may have entertained the belief that the money could be applied in payment of the mortgage indebtedness. So Compton took the money, not because the defendants affirmatively consented thereto, but under the mortgage; that is, he supposed he had the legal right to take it. The money, therefore, remained the property of the defendants. In four days thereafter the right of the plaintiffs attached. After that time the defendant had no right to object, or in any respect interfere, with such disposition of the money as was legal and proper.

II. It is contended that the appellant cannot be made liable as garnishee, because the notice of garnishment was directed to him as agent; the claim being that he was garnished as agent of Farwell & Co., and that he took possession of the money and goods as their agent, under a provision in the mortgage authorizing Farwell & Co., or their agent, to take such possession, and therefore the appellant is not personally liable. It seems to us that the district court was fully justified in finding that the appellant, or his deputy, took possession as sheriff. He made his return as such, and, clearly, Compton had no authority to take possession except as deputy sheriff, and this he did. He was acting in that capacity, and all that was done in relation to foreclosing the mortgage was done by appellant, as sheriff, by Compton, his deputy.

*Margin note: 2. ——: foreclosure by sheriff: garnishment as agent of mortgagee: personal liability.*

Therefore the appellant was not the agent of Farwell & Co. in such sense that he cannot be held personally liable for said money.

III. The plaintiffs appeal, and insist that the court should have rendered judgment for more than it did, and we are asked to render such judgment here. This is a law action, and we can on the plaintiff's appeal only reverse the judgment, and this would be satisfactory to the appellant. But the appellee does not desire a reversal, and we can give no other relief.

<div style="margin-left:2em"><strong>3. APPEAL:</strong> practice: increase of judgment.</div>

The judgment of the court on both appeals is

<div style="text-align:right">AFFIRMED.</div>